90/08-5838.DW

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN COLT LANDRETH, | ) |
|         Plaintiff, | ) |
| v. | ) |
| KEITH R. LEIGH, POOL, LEIGH & KOPKO, P.C. (formerly known as POOL & LEIGH, P.C.), an Illinois Professional Corporation, ROBERT M. ESCHBACH, and THE CITY OF OTTAWA, ILLINOIS, a Municipal Corporation, | ) NO. 08-C-01654 <br> ) <br> ) JUDGE NORGLE <br> ) |
|         Defendants. | ) MAGISTRATE SCHENKIER |

**MEMORANDUM OF DEFENDANTS IN SUPPORT
OF THEIR MOTION TO DISMISS**

**Allegations of Complaint**

The Plaintiff is a real estate developer and broker who was hired by the City of Ottawa (the "City") in 2003 to provide consulting, development and marketing services in order to increase and promote the commercial, industrial and economic base of the City. (Complaint, ¶¶29-30).

The Mayor of Ottawa, Robert M. Eschbach ("Eschbach"), met with the Plaintiff to discuss development opportunities in Ottawa. (Complaint, ¶¶29-30). The law firm of Pool, Leigh & Kopko and Attorney Leigh, corporation counsel for the City and City Attorney, respectively, represented both the City and the Plaintiff in negotiating and drafting the terms of the Consulting Agreement. (Complaint, ¶¶34).

1

This action arises from a dispute over an alleged fee due to the Plaintiff by the City. Under the agreement, the City agreed to pay the Plaintiff incentive compensation equal to 1 ½% of the actual project cost for all industrial developments occurring within the City during the term of or any extension of the agreement. (Complaint, ¶¶69).

As a result of the development of a PetsMart warehouse center in the City, the Plaintiff claimed he was entitled to incentive compensation in the amount of $500,000.00. (Complaint, ¶¶75-76). The City denied that such fee was due to the Plaintiff and in the state court action filed by the Plaintiff successfully contended that the agreement was void and violated certain provisions of the Illinois Municipal Code.

The City Council passed Ordinance No. 28-2003, its annual appropriation ordinance for the fiscal year starting May 1, 2003 and ending April 30, 2004, as authorized by Section 8-2-9 of the Illinois Municipal Code (65 ILCS 5/8-2-9) (Complaint, ¶¶32), but the City did not make an appropriation for the consulting agreement or any expense related thereto, and the Plaintiff did not inquire as to whether such appropriations were made in the City's annual appropriation ordinance. (Complaint, ¶¶33).

Under Section 8-1-7 of the Illinois Municipal Code (65 ILCS 5/8-1-7), any contract made without a prior appropriation is null and void. Section 8-1-7(b) states:

> "No contract shall be made by the corporate authorities, or by any committee or member thereof, and no expense shall be incurred by any of the officers or departments of any municipality, whether the object of the expenditure has been ordered by the corporate authorities or not, unless an appropriation has been previously made concerning that contract or expense. Any contract made, or any expense otherwise incurred, in violation of the provisions of this section shall be null and void as to the municipality, and no money belonging thereto shall be paid on account thereof." 65 ILCS 5/8-1-7

On February 2, 2007, Plaintiff filed a lawsuit against the City for breach of contract seeking the incentive compensation claimed to be due him and for a declaratory judgment in the Circuit Court of LaSalle County.  In response, the City filed a motion to dismiss based on Section 8-1-7 of the Illinois Municipal Code.  On February 28, 2008, the court granted the City's motion to dismiss the plaintiff's complaint with prejudice as it found that Section 8-1-7 rendered the Consulting Agreement void as there was no prior appropriation for the contract and that the Consulting Agreement extended beyond the term of the mayor in office at the time the contract was executed.   The Plaintiff then filed his complaint in this Court on March 20, 2008.

## ARGUMENT

I. **THE PLAINTIFF'S SUBSTANTIVE DUE PROCESS CLAIM SET FORTH IN COUNT II FAILS TO STATE A CAUSE OF ACTION BECAUSE THERE IS NO PROPERTY  RIGHT AND THERE EXISTS ADEQUATE STATE REMEDIES.**

In Count II of the Complaint, Plaintiff maintains that he was deprived of a protectable property interest without substantive due process.  In order for Plaintiff to bring such a claim, Plaintiff must have a protectable property right, which he did not have as the contract between the Plaintiff and the City was void and a void contract cannot give rise to a property right.

This action should be dismissed because there is no property right in a void contract, which bars the maintenance of a substantive due process claim**.**  In a due process claim, a court must first determine if plaintiff possessed a protected property right as a matter of substantive law.  The lack of a protected property interest is fatal to a substantive and procedural due process claim.  *General Auto Service Station v. City of Chicago*, 2008 WL 2066995, *9 (7th Cir. May 16, 2008) (Rovner, J.).

To have a property interest, a person must have more than a unilateral expectation of it, but rather must have a legitimate claim of entitlement to it. *Board of Regents v. Roth*, 408 U.S.

3

564, 577 (1972). If the plaintiff does have a property interest, then the court must determine what process was due before plaintiff could be deprived of that interest. *Fittshur v. Village of Menomonee Falls,* 31 F.3d 1401, 1405 (7th Cir. 1994). A plaintiff bears the burden of demonstrating that he had a property interest entitled to Fourteenth Amendment protection. *Moulton v. Vigo County*, 150 F.3d 801, 804 (7th Cir. 1998).

Municipalities are limited to those powers which are given to them by constitution and statute, and it cannot be bound by a contract that does not comply with the prescribed conditions for the exercise of its power. *McMahon v. City of Chicago*, 339 Ill.App.3d 41, 46, 789 N.E.2d 347, 351 (2003). Section 8-1-7 denies a municipality the power to contract unless there has been a prior appropriation for expenditure of city funds. This requirement is a condition precedent to the validity of any contract entered into by the municipality. *Ligenza v. Village of Round Lake Beach*, 133 Ill.App.3d. 286, 291, 478 N.E. 2d 1187, 1190 (1985). The Plaintiff admits that the agreement was null and void. (Complaint, ¶¶ 54); and there is no question that contracts which are in violation of law are null and void and are incapable of creating property interests subject to the protections of the 14th Amendment since such a contract cannot give rise to a legitimate expectation of compensation. *Pleva v. Norquist*, 195 F.3d 905, 915 (7th Cir. 1999); *Shlay v. Montgomery*, 802 F.2d 918, 922 (7th Cir. 1986)

In *Shlay*, a former attorney with the city corporation counsel was terminated for violation of Chicago's residency requirements so he brought an action for violation of his due process rights. *Shlay*, 802 F.2d at 922. The plaintiff argued when he was hired he was given an oral contract that allowed him to be terminated only for cause. *Id.* The court found that the Plaintiff's alleged oral contract violated Section 8-1-7, the same section at issue in this case,

4

because no appropriations had been made for his career contract. *Id.* The court held that such a contract was null and void and, as such, was incapable of creating property interests. *Id.*

Similar to *Shlay*, there was no appropriation made for the Consulting Agreement and so it violated Section 8-1-7; therefore, the Plaintiff had no "entitlement" to a property right under the contract as he concedes that it was void *ab initio*. As the Plaintiff cannot have a property right in a void contract, he cannot maintain an action for violation of his due process rights; therefore, this claim should be dismissed because it fails to state a cause of action.

> A. **There Exists Adequate State Remedies Which Provide All of the Process Due and Bars the Maintenance of a Substantive Due Process Claim.**

Where property rights are involved, the due process clause is not violated if a meaningful post-deprivation remedy for the loss is available. *Easterhouse v. Felder*, 910 F.2d 1387, 1396 (7th Cir. 1990), citing *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908 (1981) and *Hudson v. Palmer*, 468 U.S. 517, 104 S.Ct. 3194 (1984). In analyzing a due process claim, the court must determine whether there has been a deprivation of a protected property interest; and if so, whether state remedies are inadequate. *Hamlin v. Vaundenberg*, 95 F.3d 580, 584 (7th Cir. 1996). The due process clause is not a means by which to enforce state law. *Albiero v. City of Kankakee*, 122 F.3d 417, 420 (7th Cir. 1997).

Therefore, when a state law provides a remedy, a plaintiff must avail himself of that remedy or allege that the remedy that is available is inadequate. *Doherty v. City of Chicago*, 75 F.3d 318, 323 (7th Cir. 1996). A state law tort claim is an adequate remedy that satisfies due process. *See Khan v. Gallitano*, 180 F.3d 829 (7th Cir. 1999); *Easterhouse v. Felder*, 910 F.2d 1387, 1396 (7th Cir. 1990) (tortious interference with contract is an adequate remedy).

In this case, there are state remedies available to the Plaintiff. For instance, Plaintiff could and did advance a declaratory action to enforce the Consulting Agreement. The Plaintiff does not allege any facts, or conclusions, to suggest that this remedy is inadequate, nor does the Plaintiff challenge the fundamental fairness of the available state law tort remedies. As a result, the Plaintiffs' Complaint fails to state a claim premised upon the due process clause and should be dismissed.

      B.    **This Action Should Be Dismissed Because a Property Right Cannot Be Created By Estoppel.**

A constitutional entitlement cannot be created by estoppel. *See Connecticut Bd. of Pardons v. Dumscha*t, 452 U.S. 458, 465 (1981); *Federal Lands Legal Consortium ex rel. Robart Estate v. U.S.,* 195 F.3d 1190, 1199 (10th Cir. 1999); *Petra Presbyterian Church v. Village of Northbrook,* 489 F.3d 846, 849 (7th Cir. 2007). Estoppel cannot be used to bring a case into federal court where there is no violation of the Constitution under Section 1983. *Atwell v. Lisle Park Dist*., 286 F.3d 987, 992 (7th Cir. 2002). Section 1983 creates a remedy for violations of federal rights under color of law. *Id*.

The conclusion that one cannot have a constitutional entitlement that is created by estoppel flows from the basic principle that to have a property right one must have a legitimate claim of entitlement. Estoppel does not exist unless the court determines, based on the facts, that it exists; therefore, the Plaintiff cannot claim estoppel as a matter of right. *See generally Greenbriar Village, L.L.C. v. Mountain Brook, City*, 345 F.3d 1258, 1265 (11th Cir. 2003).

    II.    **COUNT I OF THE PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM AS IT DOES NOT IDENTIFY A VIOLATION OF ANY CONSTITUTIONAL RIGHT.**

No abstract right to substantive due process exists under the Constitution. *General Auto Service Station*, 2008 WL 2066995 at *9. Consequently, the lack of a protected property interest is fatal to a substantive due process claim. *Id.* A public entity cannot be liable under *Monell* unless the plaintiff has alleged a violation of a constitutional guarantee. *Alexander v. South Bend*, 433 F.3d 550, 557 (7th Cir. 2006).

Plaintiff has failed to identify any underlying constitutional violation in Count I of his complaint by the City or its employees. Count I fails to state a cause of action as there can be no liability under *Monell* when there has been no violation of the Plaintiff's constitutional rights. This action should be dismissed as the Plaintiff has failed to allege that a constitutional violation of his rights occurred.

### III.  THE DOCTRINE OF RES JUDICATA BARS THE PLAINTIFF FROM BRINGING THESE CLAIMS WHICH COULD HAVE AND SHOULD HAVE BEEN ADJUDICATED IN THE PRIOR ACTION IN STATE COURT.

Although res judicata is an affirmative defense, the Seventh Circuit has ruled that res judicata may be raised in a motion to dismiss under Federal Rules of Civil Procedure 12(b)(6). *Elder v. Illinois Dept. of Human Services*, 213 F.3d 1329 (7th Cir. 2000).

As a necessary starting point, state courts have jurisdiction to hear federal civil rights actions filed pursuant to 42 U.S.C. §1983. *Alberty v. Daniel*, 25 Ill. App. 3d 291, 323 N.E.2d 110, 114 (1974). 28 U.S.C. §1738 requires federal courts to give the same preclusive effect to state court judgments that those judgments would be given in the courts of the State from which the judgments emerged. *Kremer v. Chemical Const. Corp.*, 456 U.S. 461, 481-82, 102 S.Ct. 1883, 1888-89 (1982).

Claim preclusion or res judicata bars "parties or their privies from relitigating issues that were or could have been raised in" an action that has concluded with a final judgment on the merits. *Highway J. Citizens Group v. U.S. Dept. of Transp.*, 456 F.3d 734, 741 (7th Cir. 2006); *Manicki v. Zeilmann,* 443 F.3d 922, 925 (7th Cir. 2006).  For claim preclusion to apply, the circuit court's decision must: "(1) have reached a final judgment on the merits; (2) involve the same parties or their privies as the current claims; and (3) constitute the same cause of action as the current claims." *Garcia v. Village of Mount Prospect*, 360 F.3d 630, 635 (7th Cir. 2004).  Also, the plaintiff must have had a full and fair opportunity to litigate the claims in state court.  This element is satisfied "so long as the state court proceedings complied with the minimum procedural requirements of the Due Process Clause." *Licari v. City of Chicago*, 298 F.3d 664, 668 (7th Cir. 2002).

The first element is clearly satisfied – there was a final decision on the merits of the claim of the Plaintiff entered by the state court – dismissal was not based on a technicality.   And it cannot be disputed that the state court hearing comported with due process.

The second element is clearly satisfied as well.  The Plaintiff is the same in both cases, and the City of Ottawa is a defendant in both cases.  Mayor Eschbach, Attorney Leigh and the law firm of Pool, Leigh & Kopko are agents of the City and therefore, in privity with the City.  *See e.g. Zahran v. Frankenmuth Mut. Ins. Co.*, 1996 WL 182563, *3 (N.D. Ill. Apr. 15, 1996) (Grady, J.) (holding that employees and attorneys of a defendant in a prior suit are in privity with the defendant for the purposes of res judicata); *Garcia*, 360 F.3d at 636-37 (finding that a Village employee or agent is in privity with the board).

To determine whether or not the case before this Court involves the same cause of action as the state court claims, Illinois applies the "transactional approach" which has been described

as "the less restrictive and more pragmatic" approach under which "'the assertion of different kinds of theories of relief still constitutes a single cause of action if a single group of operative facts give rise to the assertion of the relief.'" *Garcia*, 360 F.3d at 637.  Both claims involve the same cause of action "'even if there is not a substantial overlap of evidence.'" *Id*. Two claims are one for the purposes of res judicata if they are based on the same, or nearly the same, factual allegations. *Brzostowski v. Laidlaw Waste Systems, Inc.*, 49 F.3d 337, 339 (7th Cir. 1995). "For purposes of a Section 1983 action, the rule of res judicata applies to those issues actually litigated as well as those that could have been but were not litigated in the state court proceedings." *Licari*, 298 F.3d at 667.

In *River Park v. The City of Highland Park* 181 Ill. 2d 290, 296 (1998), the plaintiff, a developer, filed an action in federal court pursuant to Section 1983 when the City refused to rezone the land in accordance with plaintiff's plans.  The federal court dismissed plaintiff's Section 1983 claim for failure to state a violation of due process. *Id.* Subsequently, plaintiff filed a suit in state court alleging abuse of governmental power and tortious interference with business expectancy. *Id.* at 298.  The Illinois Supreme Court affirmed the trial court's dismissal of all claims based on *res judicata,* and held that plaintiff's state court suit was precluded by the federal court's dismissal of the Section 1983 claim. *Id.* at 319.

Under *River Park*, the claims in this suit should be precluded by the state court's dismissal of the plaintiff's complaint because all the claims involve the same transaction and arise out of the same core of operative facts.  Both actions arise out of the Consulting Agreement and the City's alleged breach of contract.  In both of the complaints, the claims are all centered around the Agreement; whether they focus on the making or the alleged breach of the contract.

In fact, the factual allegations in the Plaintiff's federal and state complaints are almost identical and the damages sought are the same.

A prior state court action for breach of an employment contract barred a later filed wrongful termination action. *Shaver v. F.W. Wollworth*, 840 F.2d 1361 (7th Cir. 1988). The Plaintiff's state court action, similarly, was a breach of contract action.

Under Illinois preclusion law, claim preclusion extends to not only matters actually decided by the court, but also to claims that should have been brought but were not. All of the claims raised in this suit, the section 1983 claims and the misrepresentation claims could have been presented to the state court. Plaintiff's failure to bring his Section 1983 claims, fraud and negligent misrepresentation claims in state court, precludes their consideration in federal court as these claims could have been raised, but were not. Additionally, although the Plaintiff may have plead different theories of recovery in the state and federal complaints, both arose from the same common nucleus of operative facts; thus Plaintiff's claim should be precluded.

    IV.    **THE PENDANT STATE CLAIMS ARE BARRED BY THE ONE-YEAR LIMITATIONS PROVIDED IN SECTION 8-101 OF THE TORT IMMUNITY ACT.**

Section 8-101 of the Tort Immunity Act (745 ILCS 10/8-101), requires that all state claims be brought within one year from the date that the cause of action accrued. The cause of action accrues when the Plaintiff suffers injury. *Cassidy v. Derek Bryant Ins. Brokers, Ltd.*, 244 Ill. App. 3d 1054, 1063, 613 N.E.2d 1201, 1208 (1993).

In the instant case, Plaintiff alleges, the City executed the agreement knowing that it had violated Section 8-1-7 of the Illinois Municipal Code when it failed to make an appropriation for the Consulting Agreement. The Plaintiff's injury began when the Consulting Agreement was executed by the respective parties on August 5, 2003. At the latest, the action accrued on June 1,

2005, when the City disputed the alleged fee of $500,000.00 was due to the Plaintiff. Plaintiff filed his lawsuit in state court on February 2, 2007, which was after the cause of action accrued and he re-filed his lawsuit in this court more than a year later on February 28, 2008. Therefore, this action is barred by the one-year statute of limitations and should be dismissed.

V. **COUNTS III AND IV OF THE PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED AS THE PLAINTIFF HAS FAILED TO STATE A CAUSE OF ACTION FOR COMMON LAW FRAUD.**

A. **The Plaintiff Could Not Justifiably Rely on Any Statements or Omissions Made by any City Employees Regarding the Validity of the Contract as the Plaintiff has a Duty to Inquire into the Contractual Limitations of the City.**

The elements of common law fraud in Illinois are: (1) a false statement of material fact; (2) defendant's knowledge that the statement was false; (3) defendant's intent that the statement induce the plaintiff to act; (4) plaintiff's reliance upon the truth of the statement; and (5) plaintiff's damages resulting from reliance on the statement. *Athey Products Corp. v. Harris Bank Roselle*, 89 F. 3d 430, 434 (7th Cir. 1996). In addition, reliance upon the truth of the statement must be justifiable. *Id.* "The determination of whether plaintiff's reliance was justifiable necessitates an examination of all the facts which plaintiff knew, as well as those facts the plaintiff could have learned through the exercise of ordinary prudence." *F:AJ. Kikson v. Underwriters Laboratories*, 2005 WL 736651,*6 (N.D. Ill. Mar. 31, 2005) (Guzman, J.).

A party contracting with a city is presumed to know whether the city is prohibited from making a contract, and a contract made in violation of section 8-1-7 is void *ab initio* and cannot be enforced by estoppel or ratification. *East Peoria Waterworks v. Board of Trustees of Community College Dist. No. 514*, 105 Ill.App.3d 712, 714, 434 N.E.2d 781, 783 (1982). As the court in *Galey v. City of Chicago* recognized, "anyone dealing with a governmental body takes

the risk of having accurately ascertained that he who purports to act for it stays within the bounds of his authority." *Galey v. City of Chicago*, 18 Ill.App.3d 248, 254, 309 N.E.2d 653, 658 (1974). It is also well established that a city is generally not legally responsible for acts taken by its officers in excess of their authority. *Shlay,* 802 F.2d at 921.

The Plaintiff alleges the Defendants fraudulently made representations about the validity of the Consulting Agreement, knowing that they had failed to make a prior appropriation, which induced the Plaintiff to execute the Agreement. The Plaintiff's reliance upon the truth of the statements made by the Defendants was not justified as the Plaintiff is presumed to know the limitations of the power of a city official to enter into contracts and the City's statutory limits. The Plaintiff is held to know whether his contract complies with the city ordinances and is authorized by controlling law, and he cannot justifiably rely upon any statements made by any city officials; therefore, this action should be dismissed.

   **B.** **The City is Entitled to Absolute Immunity Under Section 2-106 for Any Misrepresentations Made Concerning the Validity of the Consulting Agreement.**

Section 2-106 of the Tort Immunity Act provides that 'a local public entity is not liable for an injury caused by an oral promise or misrepresentation of its employee, whether or not such promise or misrepresentation is negligent or intentional." (745 ILCS 10/2-106). This provision provides immunity for any "injury caused by an oral promise or misrepresentation," and the immunity is an absolute immunity. The law firm and Leigh are city employees and the City is entitled to absolute immunity for the pendant state claims.

  **VI.** **DEFENDANTS ARE ENTITLED TO ABSOLUTE IMMUNITY UNDER SECTION 2-210 OF THE TORT IMMUNITY ACT FOR ANY LIABILITY FOR NEGLIGENT MISREPRESENTATION.**

Section 2-210 of the Tort Immunity Act states "a public employee acting in the scope of his employment is not liable for an injury caused by his negligent misrepresentation or the provision of information either orally, in writing, by computer or any other electronic transmission, or in a book or other form of library material." (745 ILCS 10/2-210).

At all relevant times, Pool, Leigh & Kopko was Corporation Counsel for the City and attorney Leigh was the City Attorney. This provision protects these Defendants from liability for any negligent misrepresentations made within the scope of their employment during the negotiations, drafting and executing of the Consulting Agreement; therefore, the claims for negligent misrepresentation should be dismissed.

VII. **MAYOR ESCHBACH SHOULD BE DISMISSED AS A DEFENDANT BECAUSE NO RECOVERY IS SOUGHT AGAINST HIM IN ANY OF THE COUNTS AND HE IS ENTITLED TO QUALIFIED IMMUNITY.**

While Eschbach is named as a defendant, no recovery is sought from him in any of the prayers for relief, and this is the main reason that he should be dismissed from the suit. And if recovery is sought against him under Count II, for the reasons set forth above, the complaint fails to state a claim upon which relief may be granted. Alternatively, he is entitled to qualified immunity for that claim.

Under the doctrine of qualified immunity, public officials who are performing discretionary functions are shielded from liability for damages insofar as their conduct does not violate clearly- established statutory or constitutional rights of which a reasonable official would have known. *Hope v. Pelzer*, 536 U.S. 730, 122 S.Ct. 2508, 2515 (2002). This inquiry is fact-specific and "must be undertaken in light of the specific context of the case, not as a broad general proposition". *Saucier v. Katz*, 537 U.S. 194, 201-02, 121 S.Ct. 2151, 2156 (2001). "The relevant, dispositive inquiry in determining whether a right is clearly-established is whether it

would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." (*Id.*, 537 U.S. at 202, 121 S.Ct. at 2156). Immunity is granted for "reasonable mistakes" (*Id.*, 537 U.S. at 206, 121 S.Ct. at 2159)

A plaintiff has the burden of establishing that the right was clearly established. *White v. City of Markham,* 310 F.3d 989, 993 (7th Cir. 2002). The issue is a question of law for the court. *Rakovich v. Wade*, 850 F.2d 1180, 1202 (7th Cir. 1988). That state law was violated does not mean that immunity is unavailable. *Davis v. Scherr*, 468 U.S. 183, 104 S.Ct. 3012 (1984)

In this case, it is not clearly established that Mayor Eschbach's actions violated the constitutional rights of the Plaintiff. Furthermore, the Mayor should be dismissed as a defendant because the claims are only against the City and no recovery is sought against Mayor Eschbach. As the complaint fails to state a cause of action against the Mayor and fails to establish any constitutional violation, the Mayor is entitled to immunity and the action should be dismissed.

## CONCLUSION

For the foregoing reasons, the Defendants, KEITH R. LEIGH, POOL, LEIGH & KOPKO, P.C. (formerly known as POOL & LEIGH, P.C.), an Illinois Professional Corporation, ROBERT M. ESCHBACH, and THE CITY OF OTTAWA, ILLINOIS, a Municipal Corporation, request that the Complaint of the Plaintiff, JOHN COLT LANDRETH, be dismissed.

Respectfully submitted by,

s/ William W. Kurnik
WILLIAM W. KURNIK, Attorney I.D. #01550632,
One of the attorneys for the Defendants
KEITH R. LEIGH, POOL, LEIGH & KOPKO, P.C.
(formerly known as POOL & LEIGH, P.C.), an
Illinois Professional Corporation, ROBERT M.
ESCHBACH, and THE CITY OF OTTAWA,
ILLINOIS, a Municipal Corporation

CERTIFICATE OF SERVICE

The undersigned, one of the attorneys of record herein, hereby certifies that on May 27, 2008, the foregoing **MEMORANDUM OF DEFENDANTS IN SUPPORT OF THEIR MOTION TO DISMISS** was electronically filed with the Clerk of the U.S. District Court using the CM/ECF System, which will send notification of such filing to the following:

- **Richard J. Berry**
  rberry@mdbok.com
- 
- **Misha Desai**
  mdesai@khkklaw.com
- 
- **William W. Kurnik**
  bkurnik@khkklaw.com

s/ William W. Kurnik
WILLIAM W. KURNIK, Attorney I.D. #01550632,
One of the attorneys for the Defendants
KEITH R. LEIGH, POOL, LEIGH & KOPKO, P.C.
(formerly known as POOL & LEIGH, P.C.), an
Illinois Professional Corporation, ROBERT M.
ESCHBACH, and THE CITY OF OTTAWA,
ILLINOIS, a Municipal Corporation,

KNIGHT, HOPPE, KURNIK & KNIGHT, LTD.
2860 River Road, Suite 400
Des Plaines, IL 60018-6009
Telephone:    847-298-8000
Facsimile:    847-298-8014
E-Mail:       bkurnik@khkklaw.com

5838 Memo in Supp MTD 08-05-20