90/08-5838.DW

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN COLT LANDRETH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| KEITH R. LEIGH, POOL, LEIGH & KOPKO, ) | NO. 08 C 01654 |
| P.C. (formerly known as POOL & LEIGH, ) | |
| P.C.), an Illinois Professional Corporation, ) | |
| ROBERT M. ESCHBACH, and THE CITY ) | JUDGE NORGLE |
| OF OTTAWA, ILLINOIS, a Municipal ) | |
| Corporation, ) | |
| ) | |
| Defendants. ) | MAGISTRATE SCHENKIER |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT
OF THEIR AMENDMENT TO THE MOTION TO DISMISS**

On May 27, 2008, Defendants filed their motion to dismiss pursuant to F.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief may be granted. Defendants did not address the issue of lack of subject matter jurisdiction. On June 18, 2008, the Seventh Circuit decided *Taake v. County of Monroe*, ___ F.3d ___, 2008 WL 2437619 (7th Cir. 2008) (Kanne J.), which held that the plaintiff's due process claim, which was predicated on a breach of contract, was not a sufficient federal claim to base jurisdiction in federal court. *Taake*, 2008 WL 2437619 at *1. Based on the reasoning in *Taake*, this Court does not have subject matter jurisdiction as the Plaintiff does not have any property interests that warrant substantive due process or procedural due process protections because this case is nothing more than an attempt to bring a breach of contract claim under Section 1983.

In *Taake*, the plaintiff, brought suit in federal district court under Section 1983, alleging deprivation of his procedural and substantive due process rights against the County of Monroe based on the County's alleged breach of contract to sell him a piece of land. *Id.* He also had a state law breach of contract claim, sought specific performance from the County and requested a preliminary injunction. *Id.* Specifically, plaintiff alleged that he submitted a bid to purchase a piece of property that the County has listed for sale and that the County entered into a contract with him. *Id.* The County denied entering into such contract. *Id.* The district court decided that the County had not accepted the Plaintiff's offer to purchase the property and therefore, granted summary judgment to the County and dismissed the case. *Id.*

On appeal, the court concluded that it lacked subject matter jurisdiction because the case presented only state law claims that could not be the basis of a Section 1983 action in federal court. *Id.* The court cited to numerous caselaw that "dispels the notion that a substantive constitutional property interest arises simply because a state action breaks a contract with a state citizen." *Id.* The County argued that the court had jurisdiction because the plaintiff invoked "procedural due process" and "substantive due process" in his complaint. *Id*. at *2. However, the court disagreed with the County's argument and found that this was not enough to invoke the court's jurisdiction. *Id.*

Furthermore, the court found that plaintiff's commercial interest to benefit from a contract he allegedly made with the County, was not a fundamental right that was entitled to substantive due process. *Id.* at *3. The court reiterated that "mere breaches of contract by the government do not support substantive due process claims under the Constitution." *Id*. The court reasoned that as the alleged breach of contract did not involve a fundamental property interest, the proper tribunal to adjudicate the dispute was a state court. *Id.* Additionally, the

2

court held that there was no procedural due process claim either because the remedies that the plaintiff sought, specific performance and a preliminary injunction, did not suggest he was entitled to notice to contest the County's decision to not to sell him the land.  *Id*. at *4.

Similarly, the Plaintiff's Section 1983 claim, in the case at bar, is nothing more than a breach of contract claim against state actors, which does not give rise to a constitutional claim. Plaintiff's claim is centered on his consulting agreement, which he claims that the City and Mayor breached when they failed to make prior appropriations for the contract as required by Section 8-1-7 of the Illinois Municipal Code.  This alleged breach of contract by these state actors does not create a constitutional claim under the Due Process Clause of the Fourteenth Amendment as the Plaintiff has failed to identify a property interest that warrants substantive or procedural due process protections.

Based on the reasoning of *Taake*, the Plaintiff's breach of contract claim is not a sufficient federal claim which invokes the jurisdiction of this Court; therefore, this case should be dismissed for lack of subject matter jurisdiction.

Respectfully submitted by,

s/ William W. Kurnik
WILLIAM W. KURNIK, Attorney I.D. #01550632
One of the attorneys for the Defendants
KEITH R. LEIGH, POOL, LEIGH & KOPKO, P.C. (formerly known as POOL & LEIGH, P.C.), an Illinois Professional Corporation, ROBERT M. ESCHBACH, and THE CITY OF OTTAWA, ILLINOIS, a Municipal Corporation

CERTIFICATE OF SERVICE

The undersigned, one of the attorneys of record herein, hereby certifies that on August 15, 2008, the foregoing **DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR AMENDMENT TO THE MOTION TO DISMISS** was electronically filed with the Clerk of the U.S. District Court using the CM/ECF System, which will send notification of such filing to the following:

- **Richard J. Berry**
  rberry@mdbok.com

- **Misha Desai**
  mdesai@khkklaw.com

- **William W. Kurnik**
  bkurnik@khkklaw.com

s/ William W. Kurnik
WILLIAM W. KURNIK, Attorney I.D. #01550632
One of the attorneys for the Defendants
KEITH R. LEIGH, POOL, LEIGH & KOPKO, P.C. (formerly known as POOL & LEIGH, P.C.), an Illinois Professional Corporation, ROBERT M. ESCHBACH, and THE CITY OF OTTAWA, ILLINOIS, a Municipal Corporation,

KNIGHT, HOPPE, KURNIK & KNIGHT, LTD.
2860 River Road, Suite 400
Des Plaines, IL 60018-6009
Telephone:    847-298-8000
Facsimile:    847-298-8014
E-Mail:       BKurnik@khkklaw.com

5838 Memo Amended in Support of MTD