Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 1654 | **DATE** | 8/19/2008 |
| **CASE TITLE** | Landreth vs. Leigh, et al. | | |

**DOCKET ENTRY TEXT**

Defendants' Motions to Dismiss [18] and [31] are granted. Counts I and II of this case dismissed without prejudice. Plaintiff's remaining state-law claims are remanded to the Illinois state court system. Case terminated.

■ [ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Plaintiff John Colt Landreth alleges, *inter alia*, that he executed a consulting contract with the City of Ottawa, Illinois, that he performed his duties as specified by the contract, and that the City refused to pay him the compensation he was entitled to under the contract. He brings a six Count Complaint against the City and other Defendants. Count I alleges a Monell claim pursuant to 42 U.S.C. § 1983. Count II alleges "Deprivation of Protectable Property Interest – Substantive Due Process" also pursuant to § 1983. The remaining Counts are state-law claims for Fraud and Negligent Misrepresentation.

In their Memorandum of Law in Support of Their Amendment to the Motion to Dismiss, Defendants assert that federal courts do not have subject matter jurisdiction over § 1983 claims that are essentially claims for breach of contract by state actors. Defendants are correct. The court has examined Counts I and II of Landreth's Complaint, which he brings under § 1983, and determines that Landreth is attempting to assert a cause of action for breach of contract against state actors. This is almost always impermissible in federal court. "[C]aselaw from our circuit dispels the notion that a substantive constitutional property interest arises simply because a state actor breaks a contract with a state citizen." Taake v. County of Monroe, 530 F.3d 538, 540 (7th Cir. 2008); see also Garcia v. Kankakee County Hous. Auth., 279 F.3d 532, 535 (7th Cir. 2002); Mid-Am. Waste Sys., Inc. v. City of Gary, Ind., 49 F.3d 286, 290 (7th Cir. 1995); Sudeikis v. Chicago Transit Auth., 774 F.2d 766, 770 (7th Cir. 1985). Landreth's "case has no place in federal court because it presents only state-law claims that cannot come into federal court by way of a § 1983 action." Taake, 530 F.3d at 540. "It would be absurd to turn every breach of contract by a state or municipality into a violation of the federal Constitution." Horowitz-Matthews, Inc. v. City of Chicago, 78 F.3d 1248, 1250 (7th Cir. 1996). Other Circuit Courts of Appeal have also held that "a simple breach of contract does not amount to an unconstitutional deprivation of property." See, e.g., Redondo-Borges v. United States Department of Housing and Urban Development, 421 F.3d 1, 10 (1st Cir. 2005); Medical Laundry Servs. v. Bd. of Trs. of the U. of Alabama, 906 F.2d 571, 573 (11th Cir. 1990).

| STATEMENT |
|---|
| The court therefore dismisses Counts I and II of this case without prejudice for lack of subject matter jurisdiction. See Taake, 530 F.3d at 543 ("We will not consider the merits of the state-law contract claim. That task is left to an Illinois state court."). Landreth's remaining state-law claims are remanded to the Illinois state court system. |